## Case No. 4,109.

### DUBOIS v. PHILADELPHIA, W. & B. R. CO.

[5 Fish. Pat. Cas. 208.][1]

Circuit Court, D. Maryland. Nov., 1871.

RES JUDICATA—PATENT SUITS—WANT OF NOVELTY.

When, in a former suit between the same parties, the defendant had put in issue the novelty of the invention patented to the plaintiff, by proper plea and notice, but, upon the trial of a second suit, attempted to offer additional evidence upon the same issue, including certain English patents not offered or referred to in the first case: *Held*, that the defendant, in the second action, was estopped, by the judgment in the former case, from denying the novelty of the invention.

Action at law. Suit brought upon letters patent [No. 36,512] for an "improvement in the mode of building piers for bridges," granted to plaintiff [John Dubois], September 23, 1862, in the construction of defendants' railway bridge across the Susquehanna river at Havre de Grace. The infringement consisted in the use of water-tight iron caissons, which were added to in height from time to time, as the masonry within them increased in weight, and until they settled on the foundations prepared for them at the bottom of the river. The iron caisson was left on the pier when it was completed. A suit had been brought by the plaintiff against the defendants when five of the piers had been finished. This action was tried in November, 1867, when the plaintiff obtained a verdict. There were fourteen piers in all; and when the remaining nine were finished, a new suit was brought to recover damages arising by reason of their construction. On the trial of the first suit, the pleadings put in issue the novelty and originality of the invention, as well as the question of infringement and the amount of damages. There was a notice and an enumeration of the ground of defense, together with the names of witnesses, under the act of July 4, 1836 [5 Stat. 117]. At the present trial, the same defenses were set up, and a much fuller notice was given; and, among other matters relied on, not mentioned in the first suit, were two English patents—one granted to one Winder for the use of sectional caissons, which the defendants insisted were identical with the plaintiff's; and the other granted to one Beardmere for the use of iron as a protection to the pier when completed. There were other defenses, which the defendant also relied on, but which it is not necessary to detail for the purposes of the present report. When the English patents and the other documentary evidence to the same effect were offered by defendants, the plaintiff objected to their admission on the ground that the defendants were estopped from denying the novelty and originality of the invention by the judgment in the former case, and offered the record thereof in evidence. The plaintiff's counsel, having stated briefly the general doctrine on the subject of estoppels, relied upon its application in the present case, which, it was insisted, had nothing to distinguish it from the class of cases commencing with the Duchess of Kingston's, which, it was contended, had settled the law upon the subject conclusively. In reply, the defendants' counsel insisted that the case was not governed by the general law referred to; that the case, although between individuals, was one in which the public at large was interested, as was shown by the fact that a judgment against the defendant became the foundation for a preliminary injunction against other parties, who might be permanently injured thereby, or, at all events, until upon final hearing, the defense now relied on could be maintained; that assuming, as was insisted, that the defenses sought to be excluded, would, if admitted, prove the plaintiff's patent worthless, the effect of the judgment would be to give him a right as against this particular defendant, which he would have against no one else; that a verdict against him in another suit, brought against another party even, would not, if the plaintiff was right, affect his recovery against these defendants in the event of their again using the invention described in his patent; that it was impossible that a construction of the doctrine of estoppel, which involved such consequences, could be a just one. The defendants further insisted that the issues in the present case were not the issues in the former case; that the issues, then, were whether, as against the special matters then given in evidence, the plaintiff's patent was valid; that the introduction of the English patents, etc., now presented new issues, which had never before been presented to the jury; and that, giving to the doctrine of estoppel the full force contended for, it did not apply to the facts here.

Samuel Linn, Luther M. Reynolds, and William H. Armstrong, for plaintiff.

William Schley, Thomas Donaldson, and J. H. B. Latrobe, for defendants.

GILES, District Judge, stopped the plaintiff's counsel when about to reply, and said: I have no doubt of the application of the doctrine of estoppel to the case. There is no difference in this respect between this case and any other. It is true the point is one that does not appear to have been decided in a patent cause; but, in the opinion of the court, that makes no difference. The principle involved is as applicable to patent cases as to any other cases. If it were not, there would be no end of litigation between the same parties. Every new suit would be met by a new defense. It was the purpose of the law to prevent this continued litigation. (The court referred to several authorities, and

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

particularly to the case of Beloit v. Morgan, 7 Wall. [74 U. S.] 619.)

NOTE. The report of this case is furnished by Mr. Latrobe, one of the counsel, and is indorsed by Judge Giles as a correct report of the point decided.

[For another case involving this patent, see Railroad Co. v. Dubois, 12 Wall. (79 U. S.) 47.]